IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WALTER BLANCK,

                                                ORDER

              Plaintiff,

                                           14-cv-136-bbc

    v.

CORRECTIONAL OFFICERS MEYER
and MACDONALD,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Walter Blanck is a prisoner housed at the Green Bay Correctional Institution. In a February 4, 2014 order in case no. 13-cv-193-bbc, I addressed his amended complaint, concluding that it violated Fed. R. Civ. P. 20 because it contained groups of claims that belonged in three different lawsuits. Plaintiff chose to pursue a group of claims regarding medical treatment for his heart condition in case no. 13-cv-193-bbc, and I gave him the choice to continue with the other two groups of claims by submitting initial partial payments for the cases he wished to pursue. Plaintiff has responded by submitting initial partial payments for both additional lawsuits. In this lawsuit I will address the group of claims that make up "Lawsuit #3," regarding sexual harassment against plaintiff.

      Plaintiff seeks leave to proceed with his complaint in forma pauperis, but because he has struck out under 28 U.S.C. § 1915(g), he cannot obtain indigent status under § 1915 unless his complaint alleges facts from which an inference may be drawn that he is in

1

imminent danger of serious physical injury. After considering plaintiff's allegations, I conclude that he states plausible Eighth Amendment claims, but because his allegations relate to instances of past harm, he does not meet the standard for proceeding in forma pauperis. I will give him a short time to decide whether to pay the remainder of the $350 filing fee for this case.

I draw the following facts from plaintiff's complaint.

ALLEGATIONS OF FACT

Plaintiff Walter Blanck is a prisoner housed at the Green Bay Correctional Institution. I understand that he is contending that defendant Correctional Officer Meyer engaged in "relentless sexual stalking" of plaintiff and sexual contact, such as a 2009 incident in which Meyer groped plaintiff's genitals, an incident on December 5, 2012, in which Meyer performed an unnecessary patdown search, rubbing plaintiff's right buttock, and other incidents in which Meyer kissed him. Also, Correctional Officer MacDonald made sexually violent comments to plaintiff in 2011.

OPINION

The court is required to screen plaintiff's complaint and dismiss any claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted or ask for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. In screening plaintiff's claims, the court must construe

the complaint liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Plaintiff contends that defendants Meyer and MacDonald subjected him to sexual harassment by making suggestive or violent comments and that, at least on a couple of occasions, Meyer made unwanted physical contact with plaintiff. Whether these actions took place under the guise of a search or not, at this point, they are enough to state cognizable Eighth Amendment claims. E.g., Calhoun v. DeTella, 319 F.3d 936, 940 (7th Cir. 2003) (Although prison officials are entitled to search prisoners in a manner that furthers some "legitimate penological purpose," they may not do so "in a manner designed to demean and humiliate" the prisoner, without becoming liable under the Eighth Amendment for "wanton infliction of psychological pain."); Walker v. Taylorville Correctional Center, 129 F.3d 410 (7th Cir. 1997) (inmate allowed to bring claim against counselor for rubbing his arm and calling him "honey," reaching under his blanket and stroking his penis three or four times and making a comment about the size of the plaintiff's penis); Johnson v. Phelan, 69 F.3d 144, 147 (7th Cir. 1995) ("a prisoner has a remedy for deliberate harassment, on account of sex, by guards of either sex").

However, plaintiff alleges that these events took place from 2009 to 2012. As I have stated in several of plaintiff's previous cases, he has "struck out" under 28 U.S.C. § 1915(g). This provision states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

3

On at least three or more prior occasions, plaintiff has filed lawsuits or appeals that were dismissed as legally frivolous or because they failed to state a claim upon which relief may be granted. Blanck v. Federal Bureau of Investigation, 07-cv-276-la (E.D. Wis. Dec. 20, 2007); Blanck v. Gorence, 06-cv-732-wec (E.D. Wis. Oct. 31, 2006); Blanck v. Waukesha County, 99-cv-854-tjc (E.D. Wis. Jan. 6, 2000).

To meet the imminent danger requirement of 28 U.S.C. § 1915(g), a plaintiff must allege a physical injury that is about to occur or occurring at the time the complaint is filed and the threat or prison condition causing the physical injury must be real and proximate. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citing Heimermann v. Litscher, 337 F.3d 781 (7th Cir. 2003); Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002)). In the court's February 4, 2014 order in case no. 13-cv-193-bbc, I suggested that all three of the separate lawsuits contained in plaintiff's complaint met the imminent danger standard. However, a formal screening of the claims under § 1915(e)(2)(B) makes it clear that plaintiff's allegations about sexual harassment from 2009 to 2012 do not meet this standard, as they relate to instances of past harm. Accordingly, plaintiff may not proceed in forma pauperis in this case.

Instead, I will give plaintiff a short time to decide whether he would like to proceed with this case as a paying litigant by submitting the remainder of his filing fee. If he chooses to do so, I will issue an order allowing him to proceed on claims against defendants. If he chooses not to pay the remainder of the fee or does not respond to this order, I will dismiss the case.

ORDER

IT IS ORDERED that plaintiff Walter Blanck may have until April 30, 2014 to submit the remainder of the $350 filing fee he owes for this case (which I calculate to be $244.83). If plaintiff chooses not to pay the remainder of the fee or does not respond to this order, the case will be dismissed.

Entered this 17th day of April, 2014.

                                                BY THE COURT:
                                                /s/
                                                BARBARA B. CRABB
                                                District Judge