IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

WALTER BLANCK,

                Plaintiff,

v.

CORRECTIONAL OFFICERS MEYER
AND MACDONALD,

                Defendants.

OPINION & ORDER

14-cv-136-jdp[1]

Plaintiff Walter Blanck is a prisoner housed at the Green Bay Correctional Institution. This case was severed from case no. 13-cv-193-bbc after the court concluded that plaintiff's amended complaint violated Federal Rule of Civil Procedure 20 because it contained groups of claims that belonged in three different lawsuits. Dkt. 1 and 1-1. Plaintiff's allegations in this case concern sexual harassment against plaintiff by defendants Correctional Officers Meyer and McDonald.

Plaintiff seeks leave to proceed with his complaint *in forma pauperis*, but because he has struck out under 28 U.S.C. § 1915(g), he cannot obtain indigent status under § 1915 unless his complaint alleges facts from which an inference may be drawn that he is in imminent danger of serious physical injury. In an April 17, 2014 order, the court concluded that plaintiff's allegations about sexual harassment on the part of defendants Meyer and MacDonald from 2009 to 2012 raised claims of past harm that did not satisfy the imminent danger standard of § 1915(g). Dkt. 3. The court gave plaintiff an opportunity to proceed with the case as a paying litigant by submitting the remainder of the filing fee for the case, $244.83.[2] *Id*.

---

[1] This case was reassigned to me pursuant to a May 19, 2014, administrative order. Dkt. 12.

[2] Plaintiff has already submitted $105.17 as an initial partial payment of the filing fee.

Plaintiff has responded with several documents, some of which were filed only under this case number and others that were submitted in each of his three currently open cases. As is characteristic of plaintiff's filings, the documents are somewhat difficult to follow, but none of the documents formally ask for reconsideration of the imminent danger standard. Even if they did, I would deny such a motion. Most of the allegations in those documents relate to his claims in his other cases or his longstanding complaint of a decades-long conspiracy to harm him orchestrated by members of the federal and state governments and the Republican Party. None of the documents raise any allegations leading me to reconsider the court's previous ruling that this case against defendants Meyer and McDonald involves instances of past harm.

Plaintiff goes on to argue about payment of the filing fee. Plaintiff indicates that he has about $220 in his release account and wants the court to direct prison officials to apply that amount toward the filing fee in this case. However, outside of the payment of initial partial payments in *in forma pauperis* cases, the court has no authority to order prison officials to allow a prisoner to withdraw funds from his release account. *See* 28 U.S.C. § 1915(b)(1); *Carter v. Bennett*, 399 F. Supp. 2d 936, 936–37 (W.D. Wis. 2005). Even if I granted his request to use his release account funds, he would still fall short of paying the entire amount owed. As the court warned in the April 17 order, this means that this case must be dismissed. *See Lewis v. Sullivan*, 279 F.3d 526, 528 (7th Cir. 2002) (upholding § 1915(g)'s restriction on *in forma pauperis* status for prisoners who have filed three previous cases found to be frivolous).

ORDER

IT IS ORDERED that:

1. Plaintiff Walter Blanck's motion for use of release account funds, Dkt. 4, is DENIED.

2. This case is DISMISSED without prejudice for plaintiff's failure to prepay the full $350 filing fee for this case. The clerk of court is directed to enter judgment and close this case.

Entered this 12th day of January, 2015.

BY THE COURT:
/s/

JAMES D. PETERSON
District Judge